**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION**

DARYL ROBINSON                                                                    **PLAINTIFF**

**V.**                                                                    **CASE NO. 2:12-CV-40-MTP**

**CHRISTOPHER EPPS, et al.**                                                  **DEFENDANTS**

---

**OPINION AND ORDER**

This matter is before the Court on Defendants' Motion for Summary Judgment. [37].

Upon due consideration of the motion, the Court finds that the Motion is granted.

**CASE BACKGROUND**

Plaintiff Daryl Robinson, proceeding *pro se* and *in forma pauperis*, filed his complaint

pursuant to 42 U.S.C. § 1983 in this Court on March 12, 2012, alleging that the Defendants

discriminated against him because of his sexual orientation when they terminated him from his

work position. (Dkt [1]). Robinson has been released from prison and is now a free-world

plaintiff, but the events giving rise to this lawsuit took place while Robinson was housed as a

post-conviction inmate at South Mississippi Correctional Institution (hereinafter, SMCI) in

Leakesville, Mississippi. (Dkt [35] at 1). The Defendants include Officers Regina Reed and

Beverly Breland, who supervised Robinson in his work in the SMCI dining hall; Ron King, who is

the superintendent of SMCI; and Christopher Epps, who is the commissioner of the Mississippi

Department of Corrections.[1] Robinson is suing the Defendants in their official and individual

---

[1]Robinson argues that Officers Reed and Breland are directly responsible for his
termination,  that King is liable for Reed and Breland's discriminatory actions because he

capacities and is seeking monetary damages. (Dkt [35] at 2-3).

The Plaintiff alleges that he was terminated from the SMCI dining hall on January 27, 2012, after having worked there for approximately eight months. (Dkt [35] at 2). He alleges that Officer Johnson, who is not a party in this case, told him that Defendant Reed said she did not want any homosexuals working in the kitchen. (Dkt [35] at 2). Robinson never spoke to Reed or Breland directly regarding his termination or the alleged statement. (Dkt [35] at 2).  The Plaintiff claims that while he was inside a case manager's office at SMCI, he saw a document containing his picture that was allegedly signed by Officers Reed and Breland, stating that he was no longer allowed to work in the dining hall. (Dkt [35] at 2). In addition, Robinson claims that all homosexuals working in the dining hall were terminated in response to an earlier incident in which two homosexuals were caught engaging in sexual conduct in the kitchen area. (Dkt [35] at 2).

Defendants argue that summary judgment should be granted in their favor based on sovereign immunity and qualified immunity. (Dkt [38] at 3, 5). In regard to sovereign immunity, the Defendants argue that the Eleventh Amendment precludes suits against them in their official capacity because Mississippi has not waived immunity. (Dkt [38] at 3). The qualified immunity argument is based on the premise that the record contains insufficient facts to establish that Robinson's constitutional rights were violated. (Dkt [38] at 9). To support their motion, Reed and Breland submitted affidavits denying making a statement that Robinson's homosexuality was the reason for his termination, and stating that the real reason for Robinson's termination was his poor job performance. (Dkt [37-1]); (Dkt [37-2]). The Plaintiff did not respond to the Motion for

---

approved the termination by signing off on it, and that Epps is liable for the Reed and Breland's discriminatory actions because he was made aware of their actions through the Administrative Remedy Program. (Dkt [38] at 1-2).

Summary Judgment, as required under Uniform Local Civil Rule 7(b)(3)(A), and the time to do so has long since expired.[2]

## LEGAL STANDARD

Summary judgment shall be granted "[if] there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is material when it might affect the outcome of the suit under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 243 (1986). A dispute is genuine when a reasonable jury could return a verdict for the non-moving party. *Id.* at 242. When reviewing the record, the court must draw all reasonable inferences in favor of the non-moving party. *Paz v. Brush Engineered Materials, Inc.,* 555 F.3d 383, 391 (5th Cir. 2009). However, this leniency is not unlimited, and the court will not assume, in the absence of proof, that the non-moving party could prove the necessary facts. *Id*. Additionally, a court does not consider allegations that are not made on personal knowledge or that otherwise would be inadmissible at trial. Fed. R. Civ. P. 56(c)(4).

A party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion and identifying portions of the record which it believes demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Should the moving party satisfy this initial step, the burden then shifts to the non-moving party to go beyond the pleadings and state specific facts showing that there is a genuine issue for trial. *Id*. at 324. If the plaintiff cannot produce any summary judgment evidence on an essential element of his claim, summary judgment is required in favor of the defendant.

---

[2]Although Plaintiff did not file a timely response (or any response) to the Motion for Summary Judgment, the Court entered an order providing him with additional opportunity to do so. However, Plaintiff did not file a response or any opposition to the Motion. *See* (Dkt [40]).

*Geiserman v. MacDonald,* 893 F.2d 787, 793 (5th Cir. 1990).

## ANALYSIS

I. Sovereign Immunity

The Defendants are entitled to summary judgment as to Robinson's claims against them in their official capacity because the monetary damages Robinson seeks are barred by sovereign immunity. The principle of sovereign immunity is reflected in the Eleventh Amendment, which precludes suits brought by private citizens against states in federal courts unless the State has waived its immunity. U.S. Const. amend XI; *Board of Trustees of Univ. of Ala. v. Garrett*, 531 U.S. 356, 363 (2001). Sovereign immunity also precludes suits against state agencies, officials, and employees when the plaintiff seeks recovery of money damages from the State or from public funds.[3] *Karpovs v. Miss.* 663 F.2d 640, 643 (5th Cir. 1981). The rationale behind barring suits in the aforementioned situation is that they "are no different from a suit against the state itself." *Will v. Mich. Dept. Of State Police*, 491 U.S. 58, 71 (1989).

Mississippi has not waived its right to sovereign immunity. *See* Miss. Code Ann. § 11-46-5(4) (1992) ("Nothing contained in this chapter shall be construed to waive the immunity of the state from suit in federal courts guaranteed by the Eleventh Amendment to the Constitution of the United States"). A state may waive its right to sovereign immunity only by "using the most express language or by such overwhelming implications from the text as [will] leave no room for any other reasonable construction." *Sherwinski v. Peterson*, 98 F.3d 849, 852 (5th Cir. 1996). As

---

[3]The United State Supreme Court recognizes a narrow exception to Eleventh Amendment immunity, which allows a state official to be sued in his or her official capacity for injunctive relief. *Ex Parte Young*, 209 U.S. 123, 159-60 (1908). However, the Plaintiff seeks only money damages; therefore, the *Ex Parte Young* exception does not apply to this case. *See Pennhurst State School Hosp. v. Halderman*, 465 U.S. 89, 99 (1984).

MDOC employees, the Defendants in this case are state officials. *Karpovs*, 663 F.2d at 643. Because Robinson only seeks money damages, any claims against the Defendants in their official capacity are barred by sovereign immunity.

II. Qualified Immunity

The Defendants are also entitled to summary judgment as to Robinson's claims against them in their individual capacity because Robinson did not allege or establish sufficient facts to show that he was deprived of a constitutional right.  The doctrine of qualified immunity holds "public officials accountable when they exercise power irresponsibly and . . . [protects them] from harassment, distraction, and liability when they perform their duties reasonably." *Pearson v. Callahan*, 555 U.S. 223, 231 (2009).

In determining whether the Defendants are entitled to qualified immunity, the Court must decide whether the Plaintiff alleges facts making out a constitutional violation of a right that was clearly established at the time of the violation. *Id.* at 232. A qualified immunity determination entails a two prong analysis: (1) has the plaintiff alleged facts that make out a constitutional violation; and (2) was the violated right clearly established at the time of the violation. *Id.* A plaintiff suing a state official claiming qualified immunity is subject to a heightened pleading standard, and to survive a motion to dismiss, he or she must plead facts in detail, which if proven, would defeat the defense. *Babb v. Dorman*, 33 F.3d 472, 475 n.5 (5th Cir. 1994).

Robinson bases his claims against Epps and King on their supervisory role over Officers Reed and Breland. However, 42 U.S.C. § 1983 does not create supervisory or respondeat superior liability, meaning that Epps and King cannot be held liable under that statute. *Oliver v. Scott*, 276 F.3d 736, 742 (5th Cir. 2002). Supervisory officials are only liable when they (1)

affirmatively participate in the violation; or (2) implement unconstitutional policies that casually result in the plaintiff's injury. *Baker v. Putnal*, 75 F.3d 190, 199 (5th Cir. 1996).

The record does not show that King or Epps actively participated in terminating him. Likewise, there is no evidence that King or Epps implemented a discriminatory policy that was the "moving force" behind the alleged violation of Robinson's constitutional rights. *See Monell v. Dep't of Social Servs.*, 436 U.S. 658, 694 (1978) (stating that a local government can only be responsible under § 1983 if its policy or custom is the moving force behind a constitutional violation). Therefore, Robinson's claims against Epps and King in their individual capacities should be dismissed.

Robinson's claims as to Officers Reed and Breland are likewise insufficient to defeat qualified immunity because he has not offered competent summary judgment evidence to show a constitutional violation. Robinson asserts that Officer Johnson, who is not a party in this case, told him that Officer Reed said that she did not want any homosexuals working in the dining hall. (Dkt. [35] at 2). This statement is without sufficient support from the record to withstand summary judgment.[4] There is no affidavit in the record from Officer Johnson, or other competent evidence, showing that Officer Reed made that statement, and Robinson never alleged any personal knowledge as to Officer Reed's statement. To the contrary, the record contains two affidavits, one from Officer Reed and another from Officer Breland, stating that the Defendants never made a statement that Robinson was terminated because of his sexual orientation; instead, the Defendants allege that they fired him because he failed to perform his duties adequately. (Dkt.

---

[4]"An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on matters stated." Fed. R. Civ. P. 56(c)(4).

[37-1] at 1); (Dkt [37-2] at 1). As Robinson has not offered competent summary judgment evidence to show that Reed made the alleged statement, his claim must fail.

The Plaintiff further alleges that Officers Reed and Breland fired all homosexuals working in the kitchen. (Dkt [35] at 2). Robinson "cannot rely on metaphysical doubt, conclusive allegations, or unsubstantiated assertions, but instead must show that there is an actual controversy warranting trial." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). The Plaintiff has submitted no evidence to support his assertion. Because there are not sufficient facts in the record for this Court to conclude that Robinson was terminated because of his sexual orientation, his claim fails. Therefore, the Defendants are entitled to summary judgment.

As discussed above, the Eleventh Amendment bars the claims against the Defendants in their official capacity. Further, the Defendants cannot be held personally liable in this lawsuit because the record does not show a constitutional violation. Therefore, the Court finds that summary judgment should be granted in favor of the Defendants. A separate judgment will be entered in accordance with Federal Rule of Civil Procedure 58.

SO ORDERED, this the 21st day of June, 2013.

/s/MICHAEL T. PARKER
UNITED STATES MAGISTRATE JUDGE